## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| RICKY CRAWFORD, A/K/A | § | |
| RICKEY CRAWFORD, TDCJ #507778, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-0060 |
| | § | |
| RANDALL HEALY, *et al.,* | § | |
| | § | |
| *Defendant*s. | § | |

## ORDER

Ricky Crawford, also known as Rickey Crawford, TDCJ #50778, a state inmate, filed this suit under 42 U.S.C. § 1983 alleging violation of his civil rights. Proceeding *pro se,* he seeks leave to proceed *in forma pauperis*, appointment of counsel, and a preliminary injunction. Crawford suffers from cerebral palsy, and complains that (1) he is not allowed to use a wheelchair in his cell; (2) he was temporarily moved to a non-handicapped cell; (3) his dentures were lost; (4) he was served a wrong food tray for his special dietary needs and had his thumb smashed in his food slot when he complained; (5) he is not provided exercise equipment appropriate for his condition; and (6) ulcerated sores on his leg are being improperly treated and his leg is swollen, blackened, and infected.

Under 28 U.S.C. § 1915(g), a prisoner is not allowed to bring a civil action *in forma pauperis* in federal court if on three or more occasions, while incarcerated, he brought an action or appeal which the court dismissed as frivolous, malicious, or for failure to state a

claim on which relief may be granted, unless he is under imminent danger of serious physical injury.  Although plaintiff failed to disclose them, at least three of the several lawsuits he has filed as an inmate were dismissed as frivolous, malicious, or for failure to state a claim.  *See Crawford  v. Russell*, C.A. No. 91-cv-0476 (E.D. Tex. 1992); *Crawford v. Brant*, C.A. No. 90-cv-0369 (E.D. Tex. 1991); *Crawford v. Stanford*, C.A. No. 91-cv-0547 (E.D. Tex. 1992).

Plaintiff's allegations show that he is greatly inconvenienced by his progressive disease and current prison environment, that his dentures were lost, and that he received an improper food tray and a thumb injury.  These and his other generalized complaints do not allege imminent danger of serious bodily injury and may not be pursued *in forma pauperis* under 28 U.S.C. § 1915(g).  However, plaintiff also claims that his ulcerated leg is swollen, blackened, draining, and infected, and that he is receiving inadequate medical treatment to prevent loss of the leg.  In order to determine whether this claim is barred under section 1915(g), the Court needs further information as to whether plaintiff's current medical care for his leg ulcerations places him in imminent danger of serious physical injury.

Accordingly, the Court **ORDERS** as follows:

(1)    Plaintiff's application to proceed *in forma pauperis* (Docket Entry No. 2) is **DENIED** for plaintiff's failure to attach a certified copy of his current inmate trust account statement.  Plaintiff shall resubmit his application with the required account statement on or before **February 8, 2007**.  Plaintiff's failure to comply timely with this order will result in dismissal of this lawsuit without further notice.

(2)    Plaintiff's motion for appointment of counsel (Docket Entry No. 3) is **DENIED** at this time, subject to *sua sponte* reconsideration by the Court following completion of its initial screening of this case.

2

(3)     Plaintiff's motion for a preliminary injunction (Docket Entry No. 4) is **ABATED** as to his medical care requests until the Court has determined whether plaintiff may proceed *in forma pauperis* on his claim for deliberate indifference to serious medical needs regarding his leg.  The remaining requests for preliminary relief are **DENIED** because the underlying claims are barred by section 1915(g).

(4)     The State Attorney General's Office shall provide a report for the Court's review pursuant to *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1987).  The report shall include medical records and other information to facilitate the Court's determination as to whether plaintiff's current medical care for his leg ulcerations places him in imminent danger of serious physical injury.  The State Attorney General's Office is **ORDERED** to provide the report to the Court on or before **JANUARY 26, 2007**.

The Clerk will provide a copy of this order to the parties.  The Clerk shall further provide a copy of this order, with a copy of plaintiff's complaint (Docket Entry No. 1) and motion for temporary restraining order (Docket Entry No. 4), to the Attorney General of the State of Texas, Gregory Abbott, Attention:  S. Michael Bozarth, Supervisor, Post-Conviction Litigation Division (Mail Code 066), P.O. Box 12548, Capitol Station, Austin, Texas 78711-2548, by certified mail, return receipt requested.

Signed at Houston, Texas, on January 11, 2007.

Gray H. Miller
United States District Judge

3